23-7129
Zhou v. Bondi

BIA
A076 816 019

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand twenty-five.

PRESENT:
ROBERT D. SACK,
MICHAEL H. PARK,
ALISON J. NATHAN,
*Circuit Judges.*

_____

CHANG-MEL ZHOU,
*Petitioner,*

v.                                                    **23-7129**
                                                       NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:** Margaret W. Wong, Margaret W. Wong & Associates, Cleveland, OH.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chang-Mel Zhou, a native and citizen of the People's Republic of China, seeks review of a September 12, 2023, decision of the BIA denying his motion to reopen his removal proceedings to apply for cancellation of removal. *In re Chang-Mel Zhou*, No. A 076 816 019 (B.I.A. Sept. 12, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). To obtain reopening, a movant must demonstrate prima facie eligibility for the relief sought, meaning he must show that there is a "realistic chance" that he will obtain that

relief. *Id.* at 168 (quoting *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005)).

A person who knowingly makes a frivolous application for asylum after receiving notice of the consequences of such conduct is ineligible for most immigration benefits under the Immigration and Nationality Act, including cancellation of removal under 8 U.S.C. § 1229b. *See* 8 U.S.C. § 1158(d)(6). Here, an IJ found that Zhou filed a frivolous asylum application in 2000; the BIA affirmed that finding in 2002, and then denied a motion to reopen seeking vacatur of that finding in 2012. In denying Zhou's most recent motion to reopen (filed in 2021), the BIA concluded that the prior finding that Zhou presented a frivolous asylum claim precluded him from establishing a prima facie case for cancellation of removal.[1] Zhou does not dispute that there was a finding that he filed a frivolous

---

[1] Although the BIA noted that the motion was untimely and number-barred and that eligibility for cancellation of removal was not an exception to those limitations, it declined to reach Zhou's claim for equitable tolling, and instead addressed his prima facie eligibility for cancellation, which it is permitted to do. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Accordingly, Zhou's argument here that he merited equitable tolling is misplaced because our review is limited to the grounds relied on by the BIA. *See Lin Zhong v. DOJ*, 480 F.3d 104, 122 (2d Cir. 2007), *abrogated on other grounds by*, *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023) ( "[W]e may consider only those issues that formed the basis for [the BIA's] decision."),.

3

asylum claim or that cancellation of removal is one of the benefits barred by such a finding. *See id.*

Instead, Zhou asks us to review the underlying finding that his asylum claim was frivolous. However, his petition for review is timely only as to the most recent BIA decision denying reopening to apply for cancellation. *See* 8 U.S.C. § 1252(b)(1) (setting 30-day deadline for petition for review). We have held in such circumstances that review is limited to the most recent BIA decision. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). While the Supreme Court has clarified that this 30-day deadline is not jurisdictional, *see Riley v. Bondi*, 145 S. Ct. 2190, 2201–04 (2025), the Government has invoked application of the 30-day deadline, and Zhou has not argued that the time limit has been waived or otherwise should be excused to allow for review of the BIA's 2002 decision affirming the frivolousness finding, or its 2012 decision denying reopening to vacate the frivolousness finding. *Cf. id*. at 2203–04 (concluding that untimely petition could proceed where Government did not press 30-day deadline as basis for dismissal).

The record contradicts Zhou's argument that the most recent BIA decision opened the determination that his asylum claim was frivolous to judicial review.

4

The BIA relied on the existence of the finding to conclude that Zhou was ineligible for cancellation, without reissuing a prior decision or reconsidering whether the asylum claim was frivolous. To the contrary, the BIA noted that Zhou's motion to reopen did not address how the prior finding that he filed a frivolous asylum claim affected his eligibility for cancellation. Consistent with that observation, Zhou's motion acknowledged that the BIA had denied a prior motion to reopen to vacate the frivolousness finding, but he did not discuss the effect of the finding in arguing that he had established prima facie eligibility for cancellation of removal. Nor did he argue that the frivolousness finding should be vacated. Zhou now cites the declaration attached to his motion—in which he asserted that he had not lied in prior proceedings, there had been interpretation errors, and he was nervous—but does not explain why these statements would raise an issue for the BIA's review when no argument premised on them was advanced in his motion.

The BIA's reasoning from 2002 upholding the IJ's determination that the original asylum claim was frivolous is thus beyond our review, and the BIA did not abuse its discretion in denying reopening because that finding rendered Zhou ineligible for cancellation of removal. *See* 8 U.S.C. § 1158(d)(6); *Jian Hui Shao*, 546

5

F.3d at 168–69.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court